## SANDERS v. UNITED CIGAR STORES CO. et al.

### No. 1958.

Court of Civil Appeals of Texas. Beaumont.
May 8, 1930.

Rehearing Denied June 4, 1930.

Jno. W. Pope and Hughes & Monroe, all of Dallas, for plaintiff in error.

Burgess, Burgess, Chrestman & Brundidge, and J. E. Newberry, all of Dallas, for defendants in error.

WALKER, J.

This is an appeal by writ of error, but the parties will be referred to as appellant and appellees. The appeal was perfected to the Dallas Court of Civil Appeals, but duly transferred to this court under orders of the Supreme Court. Appellee United Cigar Stores Company instituted this suit to recover past-due rent under a rent contract with appellee J. R. Carson for a certain barber shop in the city of Dallas and to foreclose its rent lien against the property situated in the shop and described in its rent contract. Appellant, Sanders, was made defendant on the allegation that he was claiming some sort of interest in the property against which appellee was asserting its lien. Pending trial, appellee United Cigar Stores Company seized the property under writ of sequestration, but it was duly replevied by appellant, Sanders. Appellee Carson filed a cross-bill against his codefendant, Sanders, alleging that Sanders had assumed the rent contract, and was liable primarily for the rent due, pleading in the alternative that he have indemnity against Sanders for any judgment that might be rendered against him. Sanders answered by general denial and special pleas not material on any issue on this appeal. The jury found that Sanders contracted and agreed with Carson to pay the rent sued for, and that he breached this contract by refusing to pay the rent. Judgment was in favor of appellee United Cigar Stores Company, for the full amount sued for, with foreclosure of the rent lien against both Carson and Sanders with order of sale, and also for judgment against Sanders and the sureties on his replevy bond for $430, the value of the personal property replevied, and for judgment in favor of Carson against Sanders for any sum that he might be forced to pay on the judgment. Only Sanders has appealed from the judgment of the lower court.

### Opinion.

By proper assignments and propositions appellant asserts that the contract pleaded against him by Carson and found in Carson's favor by the jury was in violation of the statute of frauds. The counter proposition to this contention is that appellant in no way pleaded that the contract with Carson, if in fact it was made as Carson contended, was in violation of the statute of frauds. On oral argument on submission appellant's able counsel conceded that his appeal was without merit, if, on a proper construction of his pleadings, this issue was not raised; but, of course, insisted that the pleadings should be construed as presenting this issue. We have carefully read all pleadings filed by appellant, and are forced to the conclusion that this defense was not even suggested in the lower court. It follows that these assignments and propositions must be overruled, for to constitute a defense the statute of frauds must be specially pleaded. In this connection, in fairness to counsel who has perfected this appeal, it should be said that he did not participate in the trial of this case and had nothing to do with the preparation of the pleadings upon which it was tried. He appeared as counsel for appellant only for the purpose of perfecting the appeal and briefing it in this court.

Affirmed.